

# The Attorney General of Texas

May 7, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

606 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ron Jackson
Executive Director
Texas Youth Council
8900 Shoal Creek Boulevard
Austin, Texas 78766

Honorable George W. McNiel
The State Auditor
Sam Houston Office Building
Austin, Texas 78711

Opinion No. MW-334

Re: Whether teachers employed by Texas Youth Council are entitled to longevity pay under article 6813d, V.T.C.S.

Gentlemen:

Your questions concern article 6813d, V.T.C.S., and article II, section 2a of House Bill 558, the General Appropriations Act, Acts 1979, 66th Leg., ch. 843. Article 6813d provides that:

> ...each state employee covered by the Position Classification Act of 1961, each line item or exempt state employee [and] each regular full-time hourly employee of the state... is entitled to longevity pay of a maximum of $4 per month for each year of service as an employee of the state up to and including 25 years of service.

Article II, section 2a, of the appropriations act provides as follows:

> (a) SALARY PROVISIONS. (1) EXEMPT POSITIONS. Positions employed in institutions... of the... Texas Youth Council, <u>which are exempt from the Position Classification Plan</u>, shall be paid at annual salary rates not to exceed those specified in this Section. ...

> . . . .

> (5) TEACHERS. Each... classroom teacher... shall receive as a minimum salary the classroom or exceptional teachers monthly salary rate, plus increments specified in Senate Bill No. 116, Acts of the Fifty-first Legislature, 1949, as amended [see Public Education Compensation Plan, section 16.056 of the Education Code]. ...

Salary rates in excess of the minimum amounts specified in Senate Bill No. 116. . . may be paid; but such approved rates shall never exceed the rates of pay for like positions paid in the public schools of the city in which the State School or Home is located. (Emphasis added)

Acts 1979, 66th Leg., ch. 843, art. II, §2a, at 2540, 43-44.

Mr. Jackson asks the following questions:

1. Are teachers employed by the Texas Youth Council (TYC) state employees for purposes of receiving longevity pay under article 6813d, when they already receive a salary supplement for longevity under the Texas State Public Education Compensation Plan?

2. If they are, may the TYC authorize payment of longevity pay to a teacher when such payment would result in a higher salary rate than that paid for like positions in the public schools of the city in which the state school is located, notwithstanding the provisions of article II, section 2a(5) of the appropriations act?

Mr. McNiel asks these questions:

1. Should the state's payment of a portion of the employee's share of social security contributions required by Senate Bill No. 20, Acts of the Sixty-fifth Legislature, be considered in calculating the salary rate of the teacher for comparison with the rates of pay for like positions in the public schools of the city in which the state school is located?

2. Should the state's contribution for the employee's group insurance premiums be included in determining the teacher's salary rate?

We will address both of Mr. Jackson's questions at the same time. First, this office has previously held that TYC teachers are state employees for purposes of receiving pay for accrued vacation time, Attorney General Opinion H-829 (1976), and sick leave, Attorney General Opinion H-775 (1976). While those opinions dealt with provisions of the 1975 appropriations act, we perceive no basis for reaching a different conclusion with respect to whether they are "state employees" within article 6813d. We therefore conclude that, inasmuch as their positions are exempt from the Position Classification Plan, see article II, section 2(a)(1) of the 1979 General Appropriations Act, TYC teachers are "exempt state employees" within article 6813d and are therefore eligible for longevity pay under that provision.

You ask whether the TYC may authorize payment of longevity pay to a TYC teacher "when such payment would result in a higher salary rate than that paid for like positions in the public schools of the city in which the state school is located." If, as your question assumes, a TYC teacher's "salary rate" would in fact be increased by the addition of such longevity pay, we would answer this question in the negative. It is our opinion, however, that a TYC teacher's "salary rate", as that term is used in article II, section 2a of the appropriations act, is computed on the basis of the base salary paid the teacher. Longevity pay which a TYC teacher receives pursuant to article 6813d is not part of that base salary, and, therefore, is not to be considered when calculating the teacher's "salary rate." See General Appropriations Act, Acts 1979, 66th Leg., ch. 843, art. II, S18, at 2555, (method for computing TYC teacher's salary rates). We therefore conclude that a TYC teacher may receive longevity pay under article 6813d without violating article II, section 2a(5) of the 1979 General Appropriations Act.

We now turn to Mr. McNiel's questions. Article 695h, V.T.C.S., sets forth provisions governing federal old age survivors' insurance coverage for state employees and defines the state's obligations with respect to contributions on behalf of state employees under that program. Article 3.51 of the Insurance Code authorizes the state and its agencies to procure contracts with licensed insurance companies for purposes of insuring employees. Section 1(a) thereof provides that premiums may be paid in whole or in part from funds contributed by the employer and/or by the insured employees.

Contributions made by the state on behalf of its employees under article 695h, V.T.C.S., and article 3.51 of the Insurance Code undeniably constitute a benefit which the employee receives by virtue of his employment. However, we are here concerned only with the question of whether said contributions are to be considered in calculating a TYC teacher's salary rate for purposes of comparing that rate to the salary rate established for a "like position" in the public schools of the city in which the TYC facility is located. We answer that question in the negative.

Unlike article 3.51 of the Insurance Code, article 695h expressly provides that contributions made by the state are not to be considered compensation under any law of this state. See V.T.C.S. art. 695h, S4. This provision, standing alone, would appear to answer your first question. However, even if article 695h contained no such provision, we would conclude that contributions made by the state under that statute, like those made under article 3.51 of the Insurance Code, should not be considered in computing a TYC teacher's salary rate. They do not constitute additions to the employee's base salary. In our opinion, the legislature intended that, for purposes of calculating a TYC teacher's "salary rate" under the 1979 General Appropriations Act, only those amounts included in the teacher's base salary should be considered.

## S U M M A R Y

Teachers employed by the Texas Youth Council may receive longevity pay under article 6813d, V.T.C.S., without violating

the provisions of article II, section 2a(5) of the 1979 General Appropriations Act. Contributions made by the state on behalf of a TYC teacher for purposes of social security and employees group insurance premiums are not to be considered in calculating that teacher's salary rate for purposes of article II, section 2a(5) of the act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Edna Ramon
Bruce Youngblood